# Exhibit A

AO 88A (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Northern District of Ohio

| County of Tarrant | ) |
|---|---|
| *Plaintiff* | ) |
| v. | ) Civil Action No.  1:18-op-45274 |
| Purdue Pharma, L.P., et al. | ) |
|  | ) (If the action is pending in another district, state where:   ) |
| *Defendant* | ) |

**SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION**

To: Kristine Lucas f/k/a Kristine Atwell, c/o Robert Leventhal, Esq.,400 N. New York Avenue, Suite 115 Winter Park, Florida 32789, bob@robertleventhal.com

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization that is *not* a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

See Exhibit A

| Place: Kimpton Vero Beach Hotel & Spa, 3500 Ocean Drive, Vero Beach, FL 32963 | Date and Time: 08/18/2022 9:00 am |
|---|---|

The deposition will be recorded by this method:  Video and stenographic reporter

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

See Exhibit A

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:  07/28/2022

*SANDY OPACICH, CLERK OF COURT*

OR

_____    /s/ Steven E. Derringer, Esq.
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*      Walgreen Co.
_____ , who issues or requests this subpoena, are:
Steven E. Derringer, Bartlit Beck LLP, 54 W. Hubbard St., Suite 300, Chicago, IL 60654, steven.derringer@bartlitbeck.com, (312) 494-4400.

Civil Action No. 1:18-op-45274

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## EXHIBIT A

### I. DEFINITIONS

1. "You" and "Your" refers to Kristine Lucas and all others acting or purporting to act on the behalf of Kristine Lucas, including without limitation Kristine Renee Lucas, Kristine Renee Atwell, and Kristine Renee McIntosh.

2. "Florida Attorney General" refers to the Office of the Attorney General of the State of Florida, all others acting or purporting to act on behalf of the Office of the Attorney General of the State of Florida, and all counsel representing the Office of the Attorney General of the State of Florida in any Opioid-related litigation, including but not limited to counsel from Kellogg Hansen Todd Figel and Frederick PLLC, Drake Martin Law Firm LLC, Curry Law Group, P.A., Harrison Rivard Duncan & Buzzett, Chtd., and Newsome Melton.

3. "Document(s)" is defined to be synonymous in meaning and equal in scope to the meaning of this term in Federal Rule of Evidence 1001. A draft or non-identical copy is a separate Document within the meaning of this term. In all events, the definition of "Document" shall include "Communication," as defined below.

4. "Communication(s)" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise) and, with respect to oral Communication, includes any Document evidencing such oral Communication. It includes the transmittal of information by any means, including email, SMS, MMS or other "text" messages, social media messages, shared applications from cell phones, or by any other means. "Communication" also shall include without limitation all originals and copies that are provided by You or to You by others.

5. "Opioids" refers to any natural or synthetic chemical—whether or not FDA-approved or legally administered—that binds to opioid receptors in a user's brain or body to produce an analgesic effect, including Prescription Opioids and Illicit Opioids.

6.  "Person" or "Persons" means any natural person, partnership, joint venture, corporation, association, firm, trust, or any other kind of organization or entity.

7.  "Prescription Opioids" means FDA-approved pain-reducing medications that consist of natural, synthetic, or semisynthetic chemicals that bind to opioid receptors in the brain or body to produce an analgesic effect, including but not limited to prescription medications containing hydrocodone, oxycodone, fentanyl, and hydromorphone, that may be obtained by patients in California only through prescriptions filled by dispensers duly licensed and regulated by the Board.

## II.  INSTRUCTIONS

1.  Walgreens is available to meet and confer on the scope of discovery sought.

2.  Should You consider any of the Documents requested to be confidential such that they should not be generally disseminated to the public or released to the press, we ask that You designate them as such under the Protective Order in the case (copy attached as Exhibit B to this subpoena), and the parties will deal with them accordingly.

3.  Unless otherwise indicated, these requests cover the entire timeframe for which any of the requested Documents and Communications have actually been maintained regardless of any applicable records retention policy.

4.  All of the following requests are intended to encompass Documents maintained in electronic or paper form, and "correspondence" or "Communications" include emails, letters or other papers, and memos reflecting oral Communications.

5.  As these Documents will be shared with other counsel and parties, we ask that You produce copies of them in electronic or paper form. Please let the undersigned know if there are charges or fees for searching or copying and, if so, also advise whether You will provide an invoice for the cost after production or if prepayment is required.

### III. REQUESTS FOR PRODUCTION

1. All Documents and Communications between You and the Florida Attorney General.

2. All Documents and Communications between You and any counsel or representative on behalf of plaintiffs or claimants in any Opioid-related litigation, including but not limited to any private investigators, governmental agencies (including without limitation any state attorney general's office), law enforcement agencies (including without limitation the Drug Enforcement Agency), and anyone at any of the following law firms: Simmons Hanly Conroy LLC, The Lanier Law Firm, Napoli Shkolnik PLLC, Levin Papantonio Rafferty Proctor Buchanan O'Brien Barr Mougey, P.A., Spangenberg Shibley & Liber LLP, Lieff Cabraser Heimann & Bernstein LLP, Motley Rice LLC, Baron & Budd P.C., Robbins Geller Rudman & Dowd LLP, Renne Public Law Group, Andrus Anderson LLP, Sanford Heisler Sharp LLP, Casey Gerry Schenk Francavilla Blatt & Penfield LLP, Weitz & Luxenberg P.C., Keller Rohrback Law Offices LLP, Irpino Avin & Hawkins Law Firm, Powell & Majestro PLLC, Plevin & Gallucci Company LPA, Farrell & Fuller LLC, Weisman Kennedy & Berris CO. LPA, Kellogg Hansen Todd Figel and Frederick PLLC, Drake Martin Law Firm LLC, Curry Law Group, P.A., Harrison Rivard Duncan & Buzzett, Chtd., and Newsome Melton.

3. All Documents and Communication regarding or relating to your employment with or any work you have ever performed on behalf of Walgreens.

4. All Documents and Communications regarding or relating to the shipping or receiving of controlled substances from or to any Walgreens distribution center, including the distribution center in Jupiter, Florida.

3

5. All Documents and Communications regarding or relating to the storage of controlled substances at any Walgreens distribution center, including the distribution center in Jupiter, Florida.

6. All Documents and Communications regarding or relating to anything that occurred at the Walgreens distribution center in Jupiter, Florida on or after April 4, 2012, the date that the Drug Enforcement Agency served and executed an Administrative Investigation Warrant on that distribution center.

7. All Documents and Communications regarding or relating to the testimony you provided at trial in State of Florida, Office of the Attorney General, Department of Legal Affairs v. Walgreen Co., No. 2018-CA-001438 (6th Circuit Court, Pasco County, Florida) on April 12, 2022.

8. All Documents and Communications regarding or relating to any compensation you have received in any form—whether monetary, in kind, or other—that is related in any way to any testimony or information you have provided or have agreed to provide in connection with any Opioid-related litigation.

9. All Documents and Communications regarding or relating to any disability benefits that You received as a Walgreens employee.

10. All Documents and Communications regarding or relating to the circumstances under which Your employment at Walgreens ended.